*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Erick VARGAS, Private First Class**
United States Army, Appellant

**No. 22-0259**
Crim. App. No. 20220168

Argued December 7, 2022—Decided March 14, 2023

Military Judges: Jacqueline Tubbs and Sasha N. Rutizer

For Appellant: *Captain Sean Patrick Flynn* (argued); *Colonel Michael C. Friess, Lieutenant Colonel Dale McFeatters, Major Bryan A. Osterhage*, and *Jonathan F. Potter*, Esq.

For Appellee: *Captain Timothy R. Emmons* (argued); *Colonel Christopher B. Burgess* and *Major Jennifer A. Sundook*.

Judge HARDY delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge MAGGS, and Senior Judge CRAWFORD joined.

————————

Judge HARDY delivered the opinion of the Court.

In this interlocutory, Article 62 appeal,[1] Appellant challenges the United States Army Court of Criminal Appeal's (ACCA's) decision vacating the military judge's order dismissing Appellant's court-martial with prejudice. The military judge ordered the dismissal pursuant to Rule for Courts-Martial (R.C.M.) 701(g)(3) after the Government violated its discovery obligations by failing to disclose to the defense a statement made by the alleged victim to investigators before trial. Although R.C.M. 701(g)(3) does not expressly sanction dismissal with prejudice as a remedy for discovery violations, it does authorize military judges to impose a remedy that is "just under the circumstances." R.C.M. 701(g)(3)(D). We granted review to determine whether the specific remedy imposed by the military judge under that provision in this case—dismissal of the charges with prejudice—was only permissible if that remedy was the least drastic remedy sufficient to cure the Government's error.

This question arises out of apparent tension between R.C.M. 701(g)(3)(D) and this Court's decision in *United States v. Stellato*, 74 M.J. 473 (C.A.A.F. 2015). Although the plain language of the rule permits any remedy that is "just under the circumstances," the ACCA interpreted *Stellato* as mandating that dismissal with prejudice is *only* available as a remedy if it is the least drastic remedy sufficient to cure the Government's error. *Stellato* does not impose such a restriction.

This Court's decision in *Stellato* represents a line of precedent recognizing that one particular remedy—dismissal of charges—is a drastic remedy and that a military judge must consider whether any alternatives are available before imposing it, while R.C.M. 701(g)(3)(D) permits any remedy that is "just under the circumstances." In this case, applying both R.C.M. 701(g)(3)(D) and *Stellato*, the

---

[1] *See* Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2018) (authorizing interlocutory appeals by the Government in limited circumstances).

military judge was required to consider whether any alternatives to dismissal with prejudice were available before imposing that remedy, but was also authorized to reject alternative R.C.M. 701(g)(3)(D) remedies if she found that they were not just under the circumstances. Because the military judge focused on whether dismissal with prejudice was the least restrictive remedy sufficient to cure the Government's error, rather than on whether lesser R.C.M. 701(g)(3)(D) remedies would have been just under the circumstances, we affirm the ACCA's decision to the extent that it vacated the military judge's March 8, 2022, oral ruling dismissing the case with prejudice, and return the case to the Judge Advocate General of the Army for remand to the military judge for further proceedings consistent with this opinion.

## I. Background

In March 2022, Appellant faced a general court-martial for allegations of sexual assault and abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2018). Following opening statements on Wednesday, March 9, the alleged victim HS testified about the events at issue in the case. Trial counsel asked HS about a conversation that she and Appellant had shortly before the charged conduct occurred. HS proceeded to testify: "Well, after he had already been that close and he started grabbing my head and kissing my forehand [sic], telling me I was a beauty queen and not to let—." At that point, defense counsel objected, and the military judge excused the members to conduct an Article 39(a) hearing.[2]

At the hearing, defense counsel informed the military judge that HS's statement that Appellant called her a beauty queen and kissed her on the forehead had not been disclosed to defense, and her testimony was the first time the defense had heard this information. The military judge asked trial counsel whether they were aware, prior to HS's testimony, of her statement that Appellant called her a

---

[2] *See* Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2018).

beauty queen and kissed her on the forehead shortly before the charged conduct. Trial counsel admitted that they were aware, but initially asserted that they only learned this information two days earlier during a discussion with HS on Monday, March 7, and failed to disclose it due to an "oversight." The military judge excused the trial counsel from further participation in the proceedings.

After the Government detailed new trial counsel, they clarified that, in fact, HS provided the Government with this information five days before trial on Friday, March 4. The Government had failed to disclose the information to the defense, even though there had been an intervening pretrial hearing to consider evidentiary motions discussing the exact time frame when HS made the statement. After concluding that HS's undisclosed statement was relevant and material, the military judge found that the Government had violated its discovery obligations under R.C.M. 701 by failing to disclose HS's statement that Appellant had called her a beauty queen and kissed her on the forehead before the charged conduct.

The military judge then considered the available remedies to address the Government's discovery violation under R.C.M. 701(g)(3). Defense counsel requested dismissal with prejudice, or alternatively a mistrial and dismissal without prejudice. The Government requested three remedies: (1) allowing the defense to impeach the victim on the issue; (2) granting a continuance to allow the defense additional time to prepare their case; and (3) crafting a limiting instruction to the panel and preventing the Government from arguing the facts of the previously undisclosed statement.

In an oral ruling, the military judge found that the Government's failure prejudiced Appellant by hampering his ability to prepare a defense. She found that the error prevented the defense from: (1) preparing a different direct or cross-examination of the victim; (2) seeking a pretrial agreement for some or all the offenses; or (3) using the information in their opening statement or voir dire. The military judge stated, "This Court is required to craft the least

drastic remedy to obtain a desired result. I have considered the number of remedies." She then walked through each of the possible remedies and concluded that they would not "cure the issue." The military judge took a seven-minute recess to consider the possible remedy of a mistrial under R.C.M. 915. After the recess, she found that a mistrial would be insufficient "given the gravity of the government's discovery violation." The military judge then granted the defense's motion to dismiss with prejudice. She denied the Government's request to reconsider her oral ruling and grant a continuance to the following day to permit the Government to file a written response.

The Government filed an Article 62 appeal at the ACCA, arguing that the military judge abused her discretion by granting Appellant's motion to dismiss with prejudice. The ACCA vacated the military judge's ruling on the grounds that she "failed to impose the least drastic remedy that would have cured the error; as such, dismissal with prejudice was outside the range of alternative choices reasonably arising from the relevant facts and applicable law." *United States v. Vargas*, No. ARMY MISC 20220168, 2022 CCA LEXIS 365, at *8, 2022 WL 2189543, at *3 (A. Ct. Crim. App. June 16, 2022) (unpublished). We granted review of the following issue:

> Whether the Army Court erred in its abuse-of-discretion analysis by requiring the military judge to craft the least drastic remedy to cure the discovery violation.

*United States v. Vargas*, No. 22-0259/AR, 2022 CAAF LEXIS 748, 2022 WL 16966520 (C.A.A.F. Oct. 21, 2022) (order granting review).

## II. Discussion

Although the granted issue asks whether the ACCA erred, this Court reviews a military judge's ruling directly in an Article 62 appeal. *Stellato*, 74 M.J. at 480. A military judge's choice of remedy for discovery violations is reviewed for an abuse of discretion. *Id.* A military judge abuses her discretion " 'when the [military judge's] findings of fact are

clearly erroneous, the court's decision is influenced by an erroneous view of the law, or the military judge's decision on the issue at hand is outside the range of choices reasonably arising from the applicable facts and the law.'" *Id.* (alteration in original) (quoting *United States v. Miller*, 66 M.J. 306, 307 (C.A.A.F. 2008)). Here, we conclude that the military judge abused her discretion when she granted Appellant's motion to dismiss with prejudice because her decision was based on an erroneous view of the law.

## A. Remedies for Discovery Violations

R.C.M. 701(g)(3) provides that when a military judge finds that a party has failed to comply with their discovery obligations, "the military judge may take one or more of the following actions:

(A)  Order the party to permit discovery;

(B)  Grant a continuance;

(C)  Prohibit the party from introducing evidence, calling a witness, or raising a defense not disclosed;

(D)  Enter such other order as is just under the circumstances."

Here, the military judge declined to impose one of the preauthorized remedies in R.C.M. 701(g)(3)(A)-(C) and instead chose to exercise her discretion to "[e]nter such other order as is just under the circumstances." R.C.M. 701(g)(3)(D). We have previously recognized that dismissal with prejudice may be an appropriate remedy for a discovery violation under R.C.M. 701(g)(3)(D), and we reiterate that holding today. *Stellato*, 74 M.J. at 488. Dismissal with prejudice is an appropriate remedy under R.C.M. 701(g)(3)(D) when, after considering whether lesser alternative remedies are available, the military judge determines that such a remedy is just under the circumstances.

Our holding is rooted, as it must be, in the text of R.C.M. 701(g)(3)(D). This Court "adhere[s] to the plain meaning of any text—statutory, regulatory, or otherwise." *United States v. Bergdahl*, 80 M.J. 230, 235 (C.A.A.F. 2020). The plain language of R.C.M. 701(g)(3)(D) permits

any remedy that is "just under the circumstances." We do not understand this language to require the military judge to craft the least drastic remedy to cure the discovery violation. Crafting the least drastic remedy demands a narrow focus on curing the prejudice to the aggrieved party, but R.C.M. 701(g)(3)(D) authorizes a broader inquiry into the "circumstances" of the case and the discovery violation at issue. *See United States v. Trimper*, 28 M.J. 460, 469 (C.M.A. 1989) (describing the rule as "flexible"); *see also United States v. Dancy*, 38 M.J. 1, 6 (C.M.A. 1993) ("Where a remedy must be fashioned for a violation of a discovery mandate, the facts of each case must be individually evaluated."). Importing a least drastic remedy requirement into R.C.M. 701(g)(3)(D) would be inconsistent with the broad language of the rule.

The Government argues that this Court's decision in *Stellato* requires the military judge to craft the least drastic remedy that will cure the discovery error. We acknowledge that some of the language in *Stellato* can be read—especially in isolation—to support that assertion. *See, e.g.*, 74 M.J. at 488 ("We also underscore that if 'an error can be rendered harmless, dismissal is not an appropriate remedy.'" (quoting *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004))). But to the extent this language suggests that a military judge crafting a remedy under R.C.M. 701(g)(3)(D) must constrain her analysis to curing the prejudice suffered by an aggrieved party, such a constraint would be inconsistent with the language of the rule, which permits a broader inquiry into which remedy would be "just under the circumstances."

*Stellato* itself illustrates that when determining which remedy is "just under the circumstances," the military judge may consider factors that go beyond those necessary to determine which remedy would be sufficient to cure the prejudice to the aggrieved party. For example, *Stellato* explained that while not required, "bad faith certainly may be an important and central factor for a military judge to consider in determining whether it is appropriate to dismiss a case with prejudice." *Stellato*, 74 M.J. at 489. The

Court in *Stellato* also noted the military judge's considera-
tion of "other factors" including his finding that the Gov-
ernment had "systematically ignored" discovery obliga-
tions. *Id.* at 491 (internal quotation marks omitted). These
considerations dealt with crafting a just remedy, not curing
the prejudice to the accused.

Rather than constraining the relevant considerations
under R.C.M. 701(g)(3)(D), *Stellato* represents a line of
precedent recognizing that one particular remedy—dismis-
sal of charges with prejudice—is a drastic one and the mil-
itary judge must *consider* whether any alternatives are
available before imposing it. *See, e.g.*, *Stellato*, 74 M.J. at
490 ("To complete our review of the military judge's deci-
sion to dismiss with prejudice, we finally examine whether
he appropriately considered lesser, alternative remedies.");
*Gore*, 60 M.J. at 187 ("We have long held that dismissal is
a drastic remedy and courts must look to see whether al-
ternative remedies are available."). Consistent with the
language of the rule, the military judge is also authorized
to reject alternative R.C.M. 701(g)(3)(D) remedies if the
military judge finds they would not be "just under the cir-
cumstances." A remedy is only "available" under
R.C.M. 701(g)(3)(D) if it is "just under the circumstances."[3]
Overlaying *Stellato* and R.C.M. 701(g)(3)(D), a military
judge must both consider whether other lesser alternative
remedies are available and determine that dismissal with

---

[3] Considering whether alternative remedies are available be-
fore dismissing with prejudice may also involve considering rem-
edies under R.C.M. 701(g)(3)(A)-(C). The availability of those
remedies, however, is not subject to the "just under the circum-
stances" requirement contained in R.C.M. 701(g)(3)(D). This de-
cision is not intended to implicate the existing law governing the
availability of those remedies which may depend on, for exam-
ple, whether they have been exhausted, their responsiveness to
the discovery violation at issue, and the factors outlined in the
R.C.M. 701(g)(3) Discussion. *See, e.g.*, *United States v. Murphy*,
33 M.J. 323, 328-29 (C.M.A. 1991) (discussing exclusion of evi-
dence); R.C.M. 701(g)(3) Discussion.

prejudice is just under the circumstances before imposing that remedy.

We emphasize that dismissal with prejudice is a particularly severe remedy and should not be imposed lightly. Again, this Court's holding in *Stellato* demonstrates as much. There, the military judge dismissed the charges with prejudice after finding that the government had committed multiple discovery violations including failing to preserve evidence, refusing to produce a material witness, and failing to disclose exculpatory evidence as soon as practicable. 74 M.J. at 483-88. This Court found each of these findings supported in the record. *Id.* The military judge further found that the violations prejudiced the accused in three ways: (1) the discovery violations delayed the production of exculpatory evidence; (2) the continuances needed to remedy those delays prevented the accused from calling a key witness, who passed away before trial began; and (3) the continuances interfered with his career progression and ability to communicate with his family to resolve custody issues. *Id.* at 489. We similarly found that these findings were also supported in the record. *Id.* at 490.

The conduct of trial counsel in that case was "deeply troubling." *Id.* at 491. The gravity of the discovery violations, the government's pattern of behavior, and the severity of the prejudice to the accused led us to conclude that the military judge did not abuse his discretion by dismissing the charges. *Id.* While the circumstances need not replicate *Stellato* for a military judge to conclude that dismissal with prejudice is just, the facts of that case are representative of the types of cases for which such a severe remedy is reserved.

### B. The Military Judge's Ruling

The military judge's ruling below did not articulate why any of the proposed remedies under R.C.M. 701(g)(3)(D) were or were not just under the circumstances. Rather, by focusing on whether the remedies would address the prejudice to the accused, her ruling appears to have been influenced by an erroneous view of the law as requiring her

to impose the least drastic remedy to cure the discovery violation.

After finding that the delayed disclosure was prejudicial to the accused, the military judge stated:

> This Court is required to craft the least drastic remedy to obtain a desired result. I have considered the number of remedies. I have already dismissed the original trial counsel. I have considered not allowing any additional direct examination of the victim, but, of course, would result in—that has no—that is an absurd result. There is no evidence presented. I have considered allowing a delay. I don't think a delay cures the issue. I've considered bringing the alleged victim back in here to allow the defense to fully cross-examine her on that issue, and then putting her back on in front of the panel members. That does not cure the issue. It doesn't cure what I previously stated with respect to a strategic option, with what they could have done with that information ahead of time. I've considered a curative instruction, but you cannot unring that bell, not when you consider the government's opening statement. I've considered precluding the government from being able to argue anything about linking a basis of the kiss on the forehead. But that doesn't cure the issue, which is non-disclosure, failure to allow them to prepare, and foreclosing the ability to create a strategic option. So the fact is, there is not another remedy.
>
> Defense, I am granting your motion to dismiss with prejudice.
>
> I am aware under R.C.M. 915—Court's in recess for 5 minutes.

The military judge then recessed for seven minutes, returned to the bench, and concluded the ruling by stating "I considered a mistrial under . . . R.C.M. 915 and do not find that that remedy is sufficient given the gravity of the government's discovery violation. So with that said, Defense, I am granting your motion to dismiss with prejudice."

The military judge abused her discretion because her analysis was based on her mistaken understanding that she was required to craft the least drastic remedy to cure the discovery error. She began by stating that she was "required to craft the least drastic remedy to obtain a desired result." Although she did not expressly state her "desired result," her analysis was focused on whether each remedy would "cure the issue" or was "sufficient," rather than whether it was "just under the circumstances." Dispelling any ambiguity about what she meant by "cur[ing] the issue," she defined it in terms of curing the prejudice to the accused that she had previously identified: "[T]hat doesn't cure the issue, which is non-disclosure, failure to allow them to prepare, and foreclosing the ability to create a strategic option." We commend the military judge for considering lesser alternative remedies before dismissing with prejudice, as *Stellato* requires. However, her consideration of whether other remedies were available under R.C.M. 701(g)(3)(D) was improperly limited to whether those remedies would cure the prejudice to the accused. As discussed above, such an inquiry is narrower than that which the text of R.C.M. 701(g)(3)(D) requires—whether other remedies would be "just under the circumstances." At no point did the military judge articulate why any R.C.M. 701(g)(3)(D) remedy was or was not "just under the circumstances." While there may be significant overlap in a remedy that cures the prejudice to the accused and a remedy that is just under the circumstances, the two are not necessarily coextensive. As such, the military judge's analysis was tainted by her misunderstanding of the law.

This Court is empowered to affirm a military judge if her ruling reached the correct result for the wrong reason. *United States v. Bess*, 80 M.J. 1, 11-12 (C.A.A.F. 2020) (explaining that a " 'judgment below . . . may be affirmed on any ground permitted by the law and record' " (alteration in original) (quoting *Murr v. Wisconsin*, 137 S. Ct. 1933, 1949 (2017))). However, absent the military judge's articulation of the reasons that dismissal with prejudice is just under the circumstances (and conversely

11

why the lesser R.C.M. 701(g)(3)(D) remedies would not
have been just), it would be difficult for this Court to afford
her choice of remedy the deferential standard of review to
which it is entitled. *See United States v. Flesher*, 73 M.J.
303, 312 (C.A.A.F. 2014) (" 'When the standard of review is
abuse of discretion, and we do not have the benefit of the
military judge's analysis . . . we cannot grant the great
deference we generally accord to a trial judge's factual
findings because we have no factual findings [or legal
reasoning] to review.' " (quoting *United States v. Benton*, 54
M.J. 717, 725 (A. Ct. Crim. App. 2001))). We believe that
the military judge is in the best position to determine, in
the first instance, which remedy is just under the
circumstances. *Cf. United States v. Barron*, 52 M.J. 1, 6
(C.A.A.F. 1999) (emphasizing the deference owed to the
military judge's choice of remedial action because the
military judge is "at the center of the trial"). A remand is
therefore the appropriate remedy in this Article 62 appeal.
*Cf. United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)
("The appropriate remedy for incomplete or ambiguous
rulings is a remand for clarification.").[4]

### III. Conclusion

In exercising her discretion to impose a remedy for dis-
covery violations under R.C.M. 701(g)(3)(D), the military
judge may impose dismissal with prejudice if, after consid-
ering whether less severe alternative remedies are availa-
ble, she concludes that dismissal with prejudice is just un-
der the circumstances. The military judge's ruling in this
case was influenced by an erroneous view of the law as re-
quiring her to impose the least drastic remedy to cure the
discovery error. As a result, she improperly limited her

---

[4] We also note that in response to Appellant's petition to this
Court, the Government did not argue whether dismissal with
prejudice was "just under the circumstances," but rather argued
that the military judge and the CCA were correct in their under-
standing of the law. Just as it is appropriate to allow the military
judge the opportunity to reconsider her ruling under the correct
legal standard, it is similarly appropriate to afford the parties
the opportunity to argue their positions under the same.

analysis to whether each remedy would cure the prejudice to the accused and failed to articulate why dismissal with prejudice was just under the circumstances. We affirm the decision of the United States Army Court of Criminal Appeals to the extent that it vacated the military judge's March 8, 2022, oral ruling dismissing the case with prejudice. The case is returned to the Judge Advocate General of the Army for remand to the military judge for further proceedings consistent with this opinion.